## ALBERT BLOOD *vs*. RUFUS P. WHITE.

A. and B. entered into a written contract for A. to deliver malt to B. at a stipulated price per bushel; and B. to pay therefor "by notes of hand" and give a mortgage to secure his full compliance with all the specifications of the contract on his part; and as part of the same transaction B. gave A. a mortgage expressed to be void if he should pay A. "the sums of money in full compliance with the terms of said contract," "said contract being in relation to the delivery of malt, and the terms and method of payment for the same, to wit, by notes of hand," but to remain in full force if default should be made "in the payment of the money above mentioned, or any of said notes." *Held*, that the mortgage was security not only for the giving of the notes, but also for their payment on maturity.

BILL IN EQUITY alleging that the plaintiff on January 18, 1868, bought at public auction, from the assignee of the estate of William Ashworth & Co. in bankruptcy, a lot of land in Lawrence, and on March 17, 1868, took from the assignee a quitclaim deed thereof; that previously, on March 7, 1867, Ashworth & Co. made a mortgage of the land to the defendant, which contained a power to sell the land upon breach of its conditions; and that the conditions were fully performed by the mortgagors before they became bankrupt; but that the defendant, nevertheless, falsely pretending that they were broken, was undertaking to execute the power of sale. The prayer of the

bill was for an injunction, and general relief; and that the plain-tiff might redeem the land from the mortgage, if anything should in equity be owing to the defendant thereon. The answer ad-mitted all these allegations, except as to the breach of the condi-tions of the mortgage; and justified the proceedings of the defendant on the ground of such a breach.

At the hearing, before *Colt,* J., it appeared that Ashworth & Co. (who were brewers) and the defendant made a contract in writing, dated February 27, 1867, by which the defendant agreed to deliver malt at certain times, and at a stipulated price per bushel, to Ashworth & Co., and they agreed to pay the defend-ant therefor " by notes of hand " on time, and to mortgage the land in question, which included their brewery, as security for their full compliance with all the specifications of the contract on their part, and to assign to the defendant their policies of insurance on the mortgaged premises; that on March 7, 1867 Ashworth & Co. gave to the defendant the mortgage, the condi-tion thereof being, that, if they should pay to the defendant " the sums of money in full compliance with the terms of said con-tract " of February 27, " said contract being in relation to the delivery of malt to said grantors by said grantee, and the terms and method of payment for the same by the said grantors, to wit, by notes of hand," &c., then the mortgage should be void, " but if default shall be made in the payment of the money above mentioned, or any of said notes," then it should be law-ful for the defendant to sell the mortgaged premises, &c.

It further appeared that in pursuance of the contract the de-fendant delivered malt to Ashworth & Co., and took therefor their notes of hand payable on time, which were due and unpaid when the proceedings in bankruptcy were commenced against them.

The plaintiff contended " that the condition of the mortgage was fully satisfied, and the terms of the agreement were fully performed, by the giving of the notes; that the agreement con-tained no promise to pay the notes, nor was the mortgage con-ditioned for their payment;" and the judge reserved the case for the determination of the full court.

*S. B. Ives, Jr.*, for the plaintiff.

*T. Willey*, for the defendant, was not called upon.

COLT, J. This mortgage was given by Ashworth & Co. to secure the performance of a contract, made by them with the defendant, for the delivery of malt and payment therefor as therein stipulated. It was given in compliance with a provision in the contract; and although the two instruments are not precisely contemporaneous, yet there is no dispute that they are to be construed together. Taking the whole transaction with the mortgage and contract into consideration, we are of opinion that the condition secures alike the giving of the notes named in the contract and their payment at maturity. The purpose of the defendant was to obtain security for property sold, and of the defendant to give it, in such form as to be reliable. The contract indeed provides only for the giving of the notes, but the condition of the mortgage is broader, and by fair interpretation, if not by express words, secures the giving and payment of the notes.

The bill, while it alleges, upon the construction contended for by the plaintiff, that there has been no breach of the condition, yet offers to pay whatever may be found due on the mortgage, and seeks to redeem the premises. It must therefore be sustained as a bill to redeem upon payment of what is found due on the notes given under the contract; with costs to the defendant.